IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,

v.

Criminal No. 1:23cr97 (DJN)

MOHAMMED AZHARUDDIN CHHIPA,
Defendant.

### MEMORANDUM ORDER
### (Finding Lack of Judicial Conflict)

This matter comes before the Court on the United States of America's ("United States" or the "Government") Notice Regarding Lack of Judicial Conflict, ("Notice" (ECF No. 92)), and Defendant Mohammed Azharuddin Chhipa's ("Defendant") Notice Regarding Judicial Conflict, ("Response" (ECF No. 95)). The question presented is whether the undersigned must recuse himself from this case based on his previous service as the Chief of the Criminal Division of the U.S. Attorney's Office for the Eastern District of Virginia ("USAO-EDVA"). For the reasons set forth below, the Court hereby FINDS that no basis for recusal exists. Accordingly, the undersigned shall continue presiding over this case.

## I. BACKGROUND

On May 24, 2023, a grand jury in the Eastern District of Virginia returned a five-count indictment, charging Defendant with providing and attempting to provide material support or resources to a designated foreign terrorist organization, and conspiracy to do the same. (ECF No. 22.) This case was initially assigned to Senior Judge T. S. Ellis, III, but was later reassigned to Judge Michael S. Nachmanoff. (Minute Entry for Jan. 10, 2024.) On January 17, 2024, this case was reassigned to the undersigned. (Minute Entry for Jan. 17, 2024.) Shortly thereafter, an

attorney from the USAO contacted chambers, indicating that this matter has been pending in that office since 2009. To ensure that the undersigned has no potential conflicts requiring recusal from this case, the Court directed the Government to file a notice indicating whether the undersigned approved intake of the case or engaged in any other supervisory action during the undersigned's tenure as Chief of the Criminal Division from December 18, 2009 to December 1, 2011. (ECF No. 91 at 1.) The Court also directed Defendant to file a response indicating his position as to whether any basis for recusal exists. (*Id.* at 1–2.)

As directed, on January 18, 2024, the Government filed its Notice, (ECF No. 92), indicating that no judicial conflict exists. Upon further investigation, the Government determined that while the FBI opened its investigation into Defendant in 2009, the USAO-EDVA did not open the matter until 2015 — long after the undersigned left the office. (Notice at 1–2.) The Government stated that it is not aware of any action taken by the USAO-EDVA on this case during the 2009–2011 time period, and the original FBI case agent indicated that, to the best of his recollection, the FBI opened the investigation without the involvement of the USAO-EDVA. (*Id.* at 1–2, 1 n.1.) Furthermore, there is no indication that the undersigned took any supervisory action with respect to this case, and the undersigned has no recollection of doing so. (*Id.* at 2.) Accordingly, the Government concluded that no basis for recusal exists. (*Id.* at 4.)

On January 23, 2024, Defendant filed his Response, acknowledging that the undersigned's previous service as Criminal Chief does not present a conflict requiring recusal. (ECF No. 95.) Accordingly, Defendant does not seek recusal at this juncture. (*Id.*)

## II. ANALYSIS

While Defendant does not raise any arguments for recusal, this Court will *sua sponte* engage in the recusal analysis. *See Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011)

(recognizing that all federal judges have a general duty to recuse themselves if their impartiality might reasonably be questioned). The Court examines two potential — but inapplicable — grounds for recusal here. First, recusal is necessary under 28 U.S.C. § 455(a) if a judge's "impartiality might reasonably be questioned." Second, the Court considers whether recusal is mandatory under 28 U.S.C. § 455(b)(3), which requires recusal where a judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." The Court addresses each argument in turn and finds that they both lack merit.

### A. Recusal Not Warranted Under 28 U.S.C. § 455(a)

28 U.S.C. § 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The need to recuse is measured by an objective standard that "asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998). A presiding judge need not recuse himself because of unsupported, irrational or highly tenuous speculation. *Megaro v. McCollum*, 66 F.4th 151, 163 (4th Cir. 2023). "[T]o constitute grounds for disqualification, the probability that a judge will decide a case on a basis other than the merits must be more than trivial." *United States v. Miller*, 221 F. App'x 182, 185 (4th Cir. 2007). The standard set forth in § 455(a) should not serve as "an invitation for judges freely to disqualify themselves whenever their impartiality is questioned on any ground." *Kolon Indus., Inc. v. E.I. du Pont de Nemours & Co.*, 846 F. Supp. 2d 515, 531 (E.D. Va. 2012), *aff'd*, 748 F.3d 160 (4th Cir. 2014).

3

The undersigned's service as the Chief of the Criminal Division from 2009 to 2011, without more, does not reasonably call into question his ability to be impartial in this case. There are no facts to suggest that the undersigned was aware of, had any involvement with or formed an opinion regarding this case while serving as the Criminal Chief. Defendant proffers no evidence to the contrary and thus does not seek recusal. Under such circumstances, there exists no basis for recusal under § 455(a). *See Miller*, 221 F. App'x at 185 (finding the mere fact of government service insufficient to justify recusal); *United States v. Magloire*, 235 F. App'x 847, 849 (3d Cir. 2007) (finding that recusal was not required where a judge had served as the Deputy Criminal Chief in the USAO when the defendant was arrested and indicted, but had no involvement in the case).

### B. Recusal Not Warranted Under 28 U.S.C. § 455(b)(3)

While § 455(a) compels disqualification for the *appearance* of partiality, § 455(b) requires disqualification for *actual* partiality in specific circumstances. *See In re Moore*, 955 F.3d 384, 389 n.3 (4th Cir. 2020) (noting the analytical difference between the two prongs). Section 455(b)(3) provides that a judge must recuse himself where he "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3).

Courts have generally concluded that § 455(b)(3) requires actual participation to support recusal. *See, e.g., Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) ("[Section] 455(b)(3) does not mandate recusal unless the former government attorney has actually participated in some fashion in the proceedings."); *United States v. Dorsey*, 829 F.3d 831, 836 (7th Cir. 2016) (requiring some level of actual participation in a case to trigger disqualification); *United States v.*

4

*Norwood*, 854 F.3d 469, 471–72 (8th Cir. 2017) (same). In considering the recusal standard set forth by § 455(b)(3), then-Judge Kavanaugh explained:

> Congress chose to draw the recusal line for prior government employment at participation in the proceeding or expression of an opinion concerning the merits of the particular case in controversy. It bears emphasis, moreover, that Congress chose the "personal-participation" rule for recusal based on prior *government* employment while simultaneously enacting a different and far broader "associational" rule for recusal based on prior *law firm* employment.

*Baker & Hostetler LLP v. United States Dep't of Commerce*, 471 F.3d 1355, 1357–58 (D.C. Cir. 2006). Moreover, the requisite participation is not imputed to a former supervisor by virtue of his supervisory authority; § 455(b)(3) requires recusal only when the supervisor actually participated in the case. *United States v. Boyd*, 208 F.3d 638, 645 (7th Cir. 2000) (Posner, C.J.), *vacated on other grounds by Boyd v. United States*, 531 U.S. 1135 (2001); *see also United States v. Vazquez*, 193 F. App'x 168, 168–69 (3d Cir. 2006) (affirming that recusal was not required where a judge formerly served as the Deputy Criminal Chief in the USAO, because "absent a *specific* showing that [the] judge was previously involved with a case . . . , § 455(b)(3) does not mandate recusal").

According to the Fourth Circuit in *Miller*, the fact that a sentencing judge worked as a United States Attorney during the FBI's investigation into the defendant's child pornography offenses did not require recusal under § 455(b)(3). 221 F. App'x at 185. Rejecting the defendant's argument that a United States Attorney "participate[s] as counsel" to the FBI with respect to every investigation that it conducts, the Fourth Circuit emphasized that the USAO and the FBI are "organizationally distinct." *Id.* Because the matter was not referred to the USAO until three weeks after the judge left that office for private practice, the Court concluded that § 455(b)(3) did not warrant recusal. *Id.*

Likewise, here, recusal proves unwarranted under § 455(b)(3). While the FBI opened its investigation into Defendant in 2009, the USAO-EDVA did not open this matter until 2015 — long after the undersigned left the office. (Notice at 1–2.) The relationship between the USAO and the FBI, which remain organizationally distinct, does not warrant viewing the undersigned as "counsel, adviser or material witness" in an investigation prior to the arrival of the matter in his office. *Miller*, 221 F. App'x at 185. Moreover, the undersigned had no active involvement in the case, and the parties do not present any evidence indicating that he actually participated in the case while serving as the Criminal Chief. Because Defendant's case was referred to the USAO-EDVA after the undersigned left that office and the undersigned did not actually participate in this case, § 455(b)(3) does not compel disqualification.

### III. CONCLUSION

For the reasons set forth above, the Court hereby FINDS that no basis for recusal exists. Accordingly, the undersigned shall continue presiding over this case.

Let the Clerk file a copy of this Memorandum Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: January 25, 2024