IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | No. 1:23-cr-97 |
| MOHAMMED AZHARUDDIN CHHIPA ) | |
| ) | |
| Defendant. ) | |

JOINT NOTICE OF PROPOSED SCHEDULE

  The United States of America, by and through its undersigned attorneys, together with the defendant, by and through his attorneys, hereby provides notice to the Court of the schedule that the parties will propose at the upcoming telephonic conference. In light of the voluminous discovery and complex legal issues involved in the case, and other issues, the parties jointly request a trial date of November 12, 2024 and the below-mentioned pretrial briefing schedule. The parties believe that a trial in approximately nine months would best serve the ends of justice.

  The Indictment is the product of a lengthy, multi-year investigation that has generated voluminous discovery. Approximately 16 search warrants have been issued in this case. The government has searched 22 social media accounts (for two of those accounts, the government searched them twice, resulting in 24 search warrant returns and over 32 gigabytes of data), and searched the defendant's residence twice. From those residential search warrants, and from devices obtained from overseas, the government has obtained and searched 135 digital evidence items, such as phones, laptops, flash drives, and other items.[1] There are also a large number of financial

---

[1] For completeness, the United States notes that it deems approximately 23 of these digital evidence items to be relevant, but the rest of the devices are available for defense inspection if they would like.

documents, surveillance footage, jail calls and other recordings, and preserved communications with several FBI covert employees, among other items. While the majority of the evidence is in English, a portion is in Arabic and Gujarati (a language native to the Indian State of Gujarat).

On January 25, 2024, the defendant's current attorneys received from the Office of the Federal Public Defender the discovery that has been previously produced in this case. *See* Dkt. No. 87 (ordering the Office of the Federal Public Defender to turn over all discovery). Because they have only now received the discovery, they have not begun to review the materials yet. The defendant's attorneys have further asked the government to re-produce all of the discovery so that they may ensure they have received everything. Upon being provided with a five-terabyte hard drive, the government will do so.

Budgeting concerns also necessitate additional time. While defense counsel have drafted a proposed budget, it cannot be submitted to the Court without a trial date. This budget will be sent to the Court after the scheduling hearing, but it will ultimately need to be approved by the Fourth Circuit, which may take weeks. This budget is the mechanism by which the defense is then able hire assistance with discovery review, experts, and an e-discovery platform.

This case also implicates classified information, and there is a need for additional time to resolve issues under the Classified Information Procedures Act ("CIPA"). The government has already filed its CIPA Section 4 motion through the Classified Information Security Officer. *See* Dkt. No. 75. A hearing on the motion has not been conducted. The defense has been provided with approximately 100 video files in classified discovery. While the parties will work to avoid the need for a CIPA Section 5 filing by the defense, the parties request a deadline for the defense to make such a filing. Furthermore, the government will be requesting a hearing under CIPA Section 6 to obtain certain pretrial admissibility rulings and to set limits on the examination of witnesses.

In addition to the case-related reasons for proposing the below schedule, this timing also accounts for a government counsel's planned leave for medical reasons from the end of March until June, as well as multiple pre-planned summer travel schedules for each of the attorneys.

As a result of the foregoing, the parties propose the following schedule for the Court's consideration. For the CIPA Schedule, the government filed its Section 4 motion on December 12, 2023.[2] The parties propose that motions under CIPA Section 5 and Section 6 should be filed by August 19, 2024. For the motions schedule, the parties propose that defense motions are due by September 2, 2024, responses due September 16, 2024, and replies due September 23, 2024. If convenient for the Court, the parties propose a hearing date of September 30, 2024. All other deadlines would track the agreed-upon discovery order entered into in this case. *See* Dkt. No. 42.

        Jessica D. Aber
        United States Attorney

By:    /s/
        Anthony T. Aminoff
        Amanda St. Cyr
        Assistant U.S. Attorneys
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Telephone (703) 299-3790
        Facsimile (703) 299-3980
        Anthony.aminoff@usdoj.gov

---

[2] If the Court wishes to schedule an *ex parte* hearing on the motion, the government respectfully requests that the hearing occur before March 25, or after June 1, due to the aforementioned planned leave for a medical reason for one of the government's attorneys.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of January, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/

Anthony T. Aminoff
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3790
Facsimile (703) 299-3980
Anthony.aminoff@usdoj.gov