IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,

v.

Criminal No. 1:23cr97 (DJN)

MOHAMMED AZHARUDDIN CHHIPA,
Defendant.

## The Court's Voir Dire to the Jury Panels

Good morning, ladies and gentlemen. My name is David Novak. I am a United States District Judge and the judge who has been assigned to try this case. I will be assisted by my Courtroom Deputy, Cheryl Garner; my law clerks, Clarissa Kimmey and David Paul; my Courtroom Security Officer, Paul Hartigan; and my court reporter, Rebecca Stonestreet.

You have been summoned as prospective jurors in the case of the United States v. Mohammed Azharuddin Chhipa. This is a criminal case brought by the United States by way of an Indictment, which alleges charges against each of this Defendant. Specifically, it alleges that Mr. Chhipa committed the following offenses:

(1) Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization; and

(2) Providing or Attempting to Provide Material Support or Resources to a Foreign Terrorist Organization.

The Defendant has pled not guilty to the charges in the Indictment, and he is presumed innocent under our laws.

On behalf of the Court, counsel and the parties, I would like to thank you for your participation this morning in one of the most important civic duties that citizens of our country have.

We are a society which has chosen to rule itself in accord with the rule of law, and we have taken in our Constitution and our laws measures to make sure that we have an effective legal system by which people can resolve their disputes in court rather than in the streets, and if we did not have the service of jurors to make the sacrifices that jurors are called upon to make, then our system of justice that is administered in accord with our Constitution and our laws could not exist.

What you are called upon to do here as a potential juror is a public duty of the highest order that, of course, all of us know entails sacrifices for you, your families and your employers, and imposes burdens upon you beyond that of the ordinary responsibilities that you have, which are already significant. However, your service as jurors is absolutely essential to the operation of our country. So, you should take pride in this opportunity to serve your country.

We have the good fortune of living in the greatest country on the planet. Other than paying taxes, your country only requires you to participate in its operations by serving as jurors. There may be a few of you who are secretly thinking that you hope not to be chosen to serve today due to your busy lives. You should not think like that. Instead, you should view this as a tremendous opportunity to perform your civic duty and to serve your country. We recognize that service on a jury involves personal sacrifice by you, which is why we take all steps possible not to waste your time here.

Now, the lawyers have worked hard to try to get this case down to a manageable level, and they have been working on it for a good while, and they anticipate that the trial of this case will take approximately a little over a week to try. The trial will begin on this upcoming Monday, December 9, and will finish no later than December 18. The attorneys will do everything they can, consistent with their obligations to represent their clients and their clients' interests — which is what the law requires them to do — to present the case efficiently and expeditiously. I can assure you that I will do everything in my power to see that they move things along.

Now, we are about to begin a process called voir dire examination of the jury that will involve some questions to you as a group and then to each of you individually. Unlike what you have seen on television, it is not unduly long, and I

hope that it is not unduly intrusive. Indeed, I have tried to frame the group questions in a way that if you must give an answer, you can stand, give me your name, and answer the question. The individualized questions have also been framed in such a way as to minimize their intrusiveness.

This examination is important for several reasons. First, there are reasons at law why people cannot sit as jurors in a case, and my questions are designed, in part, to find out if there is any reason why any of you could not sit as a juror. For example, if you are related to a witness or to a lawyer, you cannot sit as a juror. The law says you cannot, and so my questions are designed to see if there are any of you who are in such a circumstance, as well as others.

In addition, in our system of justice, the parties, through their lawyers, have the right to participate in deciding who among you actually sits in trial and judgment in this case.

They do that by exercising what are called peremptory challenges. That is to say, after you have been questioned — your numbers will be drawn randomly to come sit in the jury box and answer my questions — they can say, I do not want this person to sit on the jury, and they can do that for a good reason, a bad reason, or no reason at all, so long as it is not an unconstitutional or unlawful reason.

Each side does not have a lot of these challenges, so it is very important that they have information so that they can use their challenges or not use them in a

meaningful way.  We will choose 12 jurors plus 2 alternates.  If you are chosen as an alternate, you will participate in the same fashion as the other jurors until it comes time to deliberate.  It is essential that the alternates pay close attention to the evidence, because the alternates could at any point replace a regular juror due to illness or other issues.  So, alternates play a vital role in our process.

I know it has been a long time since you lined up in alphabetical order and stood up and said "present" when your name is called, but there is a reason for that. The lawyers can more quickly put together the information that they already have about you with your name and your face and the information they learn today from you if you are seated in this order, and that is why I have asked you to do that, because, as I said, they do need to make these challenges intelligently, because they do not have very many of them.

**(Cheryl calls the roll.)**

**(Cheryl administers oath)**

I am now going to ask you a series of questions that are designed to determine whether any of you should be excused for cause; and to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges — those challenges for which no reason need be given.

Unless you speak up or raise your hand, I will assume that your answer to the question is no.

Also, if you do not understand any of my questions, please raise your hand and let me know, because it is probably my fault that I have not asked the question correctly and, if you do not understand it, someone else probably does not either. It is important, as I have told you, that you understand these questions so that you can give meaningful answers to them, so please let me know.

Before answering any question, please stand and state your number and your name, so that the court reporter can properly record which of you is speaking.

After I ask you these questions as a group, I will ask you questions individually. Your names will be randomly drawn to come up and sit in the witness box. After you have answered my questions, it will then be determined whether or not you will be selected as a juror.

We will start on December 9, Monday morning, after the weekend. If you are selected for the jury, you'll be excused until Monday morning to allow you to get your affairs in order. On Monday, December 9, we will start promptly at 9:45 a.m., so you'll need to report to the Jury Assembly Room no later than 9:30 a.m. We will take breaks throughout the day and generally end each day no later than 5:30 p.m. We will have trial each business day thereafter until it has concluded. The case should end no later than Wednesday, December 18.

With this schedule in mind, do any of you have a conflict — a real conflict, not simply an inconvenience — that cannot be rescheduled or moved that would prevent you from serving on the jury in this case for that length of time?

## Knowledge of Court Personnel

Do any of you know me or any court personnel you see today, either socially or professionally?

Do any of you know, or are you otherwise personally acquainted with, any other member of the jury panel, other than having seen each other this morning?

Now I am going to ask the parties to stand, to introduce themselves and the lawyers and legal assistants at the table with them who will be here during the case and to introduce their clients and client representatives. We will begin with the Government.

## Introduction of Attorneys/Parties:

Government:

Anthony Aminoff and Amanda St. Cyr of the United States Attorney's Office in Alexandria, and Andrew Dixon of the U.S. Department of Justice, National Security Division. Their case agent is FBI Special Agent Gary Marosy.

Do any of you know either Mr. Aminoff, Ms. St. Cyr, Mr. Dixon or Special Agent Marosy? Please indicate if you do.

<u>Defendant:</u>

Defendant Mohammed Azharuddin Chhipa.

His attorneys are Jessica Carmichael and Zachary Deubler. They will be assisted by their paralegal, Pamela Hannon.

Do any of you know Mr. Chhipa, Ms. Carmichael, Mr. Deubler or Ms. Hannon? Please indicate if you do.

**Witnesses:**

Now, I will read a list of potential witnesses in this case:

[Insert Witness Names]

Is there anyone who believes that you know any of these witnesses?

**Prior Jury Service**

Have any among you previously served on a jury?

**Health Questions**

Have you been tested positive for COVID-19 within the last two weeks?

In the last two weeks, have any of you developed the symptoms of COVID-19 such as fever, shortness of breath, or a loss of the sense of taste or smell?

Recently, have any of you developed any physical or mental health issues that would interfere with your ability to sit on this jury?

**Knowledge of Case:**

This is a case where Mr. Chhipa is charged with conspiring to provide material support or resources to a foreign terrorist organization, namely the Islamic State of Iraq and al-Sham (ISIS), and four counts of providing or attempting to provide material support or resources to that foreign terrorist organization.

Is there anything about the nature of this accusation that would prevent you from being a fair juror both to the prosecution and to Mr. Chhipa?

Have any of you discussed this case with anyone else since receiving your summons?

Have any of you heard or read anything at all about this case, or otherwise obtained any information about this case, since being summoned here?

Have any of you conducted any research about this case in any fashion, to include conducting internet research?

Have any of you posted on social media about any aspect of your jury service or the parties in this case?

Have you heard anything about this case since you arrived at the courthouse?

Have you, or anyone close to you, had any positive or negative interaction with the Federal Bureau of Investigation (FBI) or any other police department or government agency?

Have you, or anyone close to you, been investigated for a crime by the FBI or any other police department or government agency?

    (a) If yes, would anything about that investigation prevent you from fairly hearing this case?

Have you, or anyone close to you, been arrested by an officer or detective of any local police department or federal agency?

    (a) If yes, would anything about that arrest prevent you from fairly hearing this case?

Have you, or anyone close to you, been involved in a criminal case as a victim, witness, or defendant?

Have any of you ever been the victim of an internet scam in which a person pretended to be someone that they are not?

Do any of you have strongly held views on law enforcement that would prevent you from fairly hearing a case in which law enforcement officers may testify?

Do any of you believe that the testimony of a law enforcement officer should be given more weight, or is more credible, just because such witness is a law enforcement officer?

Conversely, do any of you believe that the testimony of a law enforcement officer should be given less weight, or is less credible, just because such witness is a law enforcement officer?

Do any of you have such strong feelings about the terrorist organizations called al-Qaeda, the Islamic State of Iraq and al-Sham (ISIS), or the Islamic State such that it would prevent you from being fair, objective, and impartial in this case?

Have any of you ever worked in a field involving humanitarian aid?

Have any of you ever worked with refugees from Syria or the Middle East?

Do you believe, whether because of religious convictions or otherwise, that you would have a difficult time standing in judgment of another person, even if your oath as a juror bound you to do so?

Can you follow the law as given by the Court, even if you disagree with it?

Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

Do you know of any reason why you cannot render a completely fair and impartial decision based solely upon the evidence in this courtroom?

**Individual Questioning:**

Ladies and gentlemen, the group questioning has now been completed, and we will complete the process of drawing names by lot and then jury selection by the exercise of the challenges, and that will not take long.

You will be drawn randomly to come up to the witness box for individual questioning. Some of these questions will be follow-up questions based on your responses to my general questions. After I have finished asking you questions, the lawyers and I will put on our headsets and discuss whether you will be selected to serve on this jury. This discussion may include whether there are any legal reasons that you are disqualified from service or whether one of the parties wishes to exercise a peremptory challenge, which they have the right to do for no reason at all, so long as it is not unlawful. Once this brief discussion is complete, I will let you know whether you have been selected to serve on the jury or if you have been excused.

If you are selected to serve on the jury, you will be able to leave now to get your affairs in order for the trial, which will start on Monday, December 9. On that day, you will report back to the Jury Assembly Room no later than 9:30 a.m. You will need to report by 9:30, so that we can start promptly each day by 9:45 a.m. We will go roughly until 5:30 p.m. every day.

We will take a lunch break each day for roughly an hour, as well as having a morning and afternoon break.  You are also welcome to bring your own lunch, and there will be a refrigerator where you can keep it.

Also, if anyone is traveling over 50 miles to get to the courthouse and is in need of overnight accommodations, please let us know and Ms. Garner will make the arrangements.

Finally, all of the instructions about not talking about this case or researching the case remain in place.  Please do not discuss this case with anyone, post anything on social media about your jury service, or read or watch anything about this case or anyone — including the lawyers — that you see here today.

For those of you who are not selected, your service will be completed, and I will excuse you.  Those of you not selected nonetheless played a very important role in the administration of justice in the Eastern District of Virginia, because without your services we could not have the system that we have envisioned under our Constitution and laws.  And so, we are grateful for the time and commitment that you have made this morning to that end.  And you are excused with our gratitude.

*Ms. Garner, call the first juror, please.*

**Individual questioning in the box:**

*Address responses to individual questions.*

**Page 13 of 15**

Is there anything, whether or not you have already disclosed it, that you believe would cause you to not be able to render a fair and impartial verdict based on the evidence presented at trial and my instructions as to the law?

**[Specific follow-up questions based on answers to general questions]**

*After questioning, the parties and the Court will put on the headphones. First, ask whether there is a motion to strike. If the juror is not struck for cause, ask the Government if it would like to exercise a peremptory strike. If not, ask Defense counsel if he would like to exercise a peremptory strike. Counsel shall respond "accept" or "strike" as to each juror, beginning with the Government. If defense counsel believe that Batson issues exist, they must raise the issue before the third stricken juror leaves the room.*

*If the juror is struck:*

You have not been selected to serve on the jury. We greatly appreciate your service here today. You are excused. Thank you.

*If the juror is selected:*

You have been selected to serve on this jury. I ask that you report back to the Jury Assembly Room on Monday, December 9, no later than 9:30 a.m. I remind you not to talk about this case with anyone or research anything about this case or the people who are involved. I also remind you to remain extra vigilant

about your health until the trial ends.  To that end, we have some instructions for you that you must follow until then.  ***Hand out the instructions.***

***After the strikes are exercised, but before the jurors are excused, the Court will ask the attorneys if they are satisfied with the composition of the jury panel. (Batson motions).***

***"Are the strikes acceptable to all counsel?"***

***Finding the panel free from exception, the Court then excuses the remaining jurors.***