IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,

v.

Criminal No. 1:23cr97 (DJN)

MOHAMMED AZHARUDDIN CHHIPA,
Defendant.

### The Court's Opening Instructions to the Jury

Good morning. Before we get started this morning, Ms. Garner is going to swear in the jury.

***Swear-in jurors.***

Now that you have been sworn-in, I am going to ask if everyone followed my directions not to talk about this case with anyone or do any outside research. You will hear me continue to talk about this, because it is very important.

Now, I will give you some preliminary instructions to guide you in your participation in the trial. Before you begin hearing the evidence, I want to explain to you how this case will proceed. It will be presented in the following order:

First: The parties have the opportunity to make opening statements. The United States may make an opening statement at the beginning of the case, followed by counsel for the defendant. What is said in the opening statements is not evidence. The opening statements simply serve as an introduction to the

evidence which the party making the opening statement intends to produce during the trial.

Second:  After opening statements, the United States will introduce evidence that it feels supports the charges contained in the Indictment.

Third:  After the United States has presented its evidence, the defendant may present evidence, but he is not obligated to do so.

The burden or obligation, as you will be told many times during this trial, is always on the United States to prove each and every element of the offenses charged beyond a reasonable doubt.  The law never imposes on a defendant in a criminal case the burden of calling any witnesses, producing any exhibits, or introducing any evidence.  A defendant is presumed to be innocent of the charges.

Fourth:  After all of the evidence has been presented — in other words, after all of the witnesses have testified and after all of the exhibits have been admitted —I will give you, orally, the final instructions concerning the laws which you must apply to the evidence received during the trial.  Those instructions will be much more detailed than these I am giving you now.

Fifth:  After I have given you the final instructions, each party will be given the opportunity to present argument to you in support of its case.  This is called "closing argument."  What is said in closing argument is not evidence, just as what is said in the opening statements is not evidence.  The closing arguments are

designed to present to you the theories and conclusions of the parties as to what each feels the evidence has shown and what inferences may be drawn from the evidence.

Sixth: After you have heard the closing arguments of all parties, I will give you some last instructions and you will then retire to consider your verdict. Your verdict must be unanimous — all twelve of you must agree to it. Your deliberations are secret. You will not be required to explain your verdict to anyone.

Seventh: You must keep an open mind to both the United States and the defense during this trial. As you know, there are generally two sides to most stories and you must not make up your mind about any of the questions in this case until you have heard all of the evidence and all of the law which you must apply to that evidence — in other words, until you begin your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened — that is, in reaching your decision as to the facts — it is your sworn duty to follow all of the rules of law as I explain them to you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to

apply the law as I explain it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

This is a criminal case commenced by the United States, which I may sometimes refer to as "the prosecution" and sometimes as "the government," against Mohammed Azharuddin Chhipa, whom I may sometimes refer to as "the defendant." The case is initiated by way of an Indictment, which is simply the charging instrument that started the prosecution. It is not, in any sense, evidence of the allegations or statements it contains.

Mohammed Azharuddin Chhipa, the Defendant, has pled not guilty to the charges in the Indictment.

The Indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify. The United States has the burden of proving the defendant guilty beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

While the burden of proof is a strict or heavy burden, it is not necessary that

the defendant's guilt be proved beyond all possible doubt. It is only required that the proof by the United States exclude any "reasonable doubt" concerning the defendant's guilt. This standard applies to each of the charges the Government has brought against the Defendant, and it is the Government's burden to prove each count individually beyond this "reasonable doubt" standard. You may find that you believe the Government to have proven only some charges "beyond a reasonable doubt", while not finding so on others.

If you find that the United States has met this burden, as to any count, then you must convict Mohammed Azharuddin Chhipa on that count. If not, then you must acquit him on that count.

The questions that the lawyers ask are not evidence. It is the answers to the questions that are evidence. Objections that the lawyers make are not evidence either. They have been told not to make what are called speaking objections and to keep their objections short, so you should not be burdened with this, but sometimes it happens.

Whatever the lawyers say in those objections is not evidence, no matter what they say. That is the way that they get rulings in the event that they think the other side is acting outside the rules of evidence or the rules of procedure. So do not get upset with a lawyer or his or her client because they make objections. They are just doing what they must do under the law to represent their client.

If a question asked is proper and it is objected to and the objection is overruled, I will simply say "overruled." And then you will hear the answer. And you pay attention to the answer just like you would any other answer.

If the question asked is improper and an objection is raised, I will say "sustained," and you will not hear an answer to that question. So, forget about the question and move on.

Any testimony that I tell you to disregard or ignore or strike, you cannot consider in your deliberations.

Now, how does such a circumstance happen? Most of the time it happens this way: A lawyer is asking questions of a witness on the stand, the other side has an objection, and before I can rule on the objection and sometimes before the objection even gets out of the lawyer's mouth, the witness has blurted out the answer. And then I say, "Well, that objection should be sustained," and I will turn to you and say, "Ladies and gentlemen, do not pay any attention to that. Disregard it." And we expect that in your deliberations you will not take that testimony into account in deciding your verdict.

Anything you have seen or heard outside the courtroom is not evidence. And that is important for these reasons:

First, it is the evidence that is put on in this courtroom that all of you receive the same way. You may not interpret it the same way, but at least you have heard

and seen the same things.

Second, it is the evidence that is put on in this courtroom that is tested by the rules or measured by the rules of procedure and evidence.

And third, it is the testimony that is put on in this courtroom that is tested by the cross-examination of the side who is not putting on the evidence, the other lawyers.

There are two kinds of evidence:  direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you can infer or conclude that other facts exist.

For example, let us suppose that it is necessary to prove in the case that there was a human being on an island.  Nobody comes in and says I saw a human being on the island, but somebody comes in and says, "I saw what I think was a human footprint on the island."

If you believe that what that witness saw was a human footprint, you could infer — that is, make a logical deduction — that there was a human being on the island.  That is circumstantial evidence.  I will give you further instructions about that at the end of the trial.

The law requires only that you weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before he can be convicted.

Now, it is going to be up to you to decide what witnesses to believe and what witnesses not to believe. You can believe all the witness' testimony, none of the witness' testimony or part of a witness' testimony. It is up to you.

When you do that, just remember this: Every day you make judgments about the credibility of witnesses. You decide whether somebody is telling you the truth or not, don't you?

How do you do that? Well, first you look at how they are talking, what they do and say while they are telling you something. Then you assess whether what the person is saying makes sense. Do they seem to have had an opportunity to have seen what they are talking about or to know what they are talking about? Are they affected by what they are telling me? And in the case of a witness, is a witness affected somehow by the outcome of the case? Is a witness aligned with one party or the other? Does it make sense what this witness is saying when considered in perspective of all the other evidence in the case?

Those are things that you consider in deciding whether to believe somebody's statements, or to accept them in whole or in part. And you apply those same principles to the testimony of witnesses.

But keep in mind that it is your responsibility whether to accept as accurate what a witness is telling you or not.

Now, you are going to be permitted to take notes. You will each have a

notebook. It has some things in it already. It has places for you to take notes in it, and it is all right for you to do that.

At the end of the trial, your notes will be taken up, torn up and thrown away. Those notes are for your individual use. You cannot show them to another juror, even during deliberation.

And although I know you would not do this, I am required to tell you, you cannot say during deliberations: "Well, I know I am right about this because I have better notes than you do." There are some people who better remember things without taking notes, and that is all right.

You do not have to take notes, but you can. But when you are taking notes, do not get so tied up in taking notes that you forget to keep an eye on the way the witness is appearing when the witness is testifying to you, because that is in part how you make your credibility determination.

Now, unlike what you may have seen on television or otherwise heard, we do not have the capacity to read back to you the testimony or to send the transcript back to you in the jury room. So, you are going to have to reach a verdict based on what you remember as being correct. And that is what you have to do.

You should just be listening to the testimony and keeping it all in mind. And this applies to the alternates as well, because you may be called upon to decide this case if one of your fellow jurors is unable to continue for any reason.

Now, remember, at the end of the trial you are going to receive instructions and you are going to hear the closing arguments, and then you will have plenty of time to deliberate your verdict. And so, what I am going to ask you to do is not to be deciding the case every time you go back in there for a recess or to have lunch. Please do not deliberate the case until you receive all of the evidence. You will have plenty of time to deliberate then.

Please also do not discuss this case with anyone, even your family. And do not discuss it with anybody here. If you hear something or one of them tries to talk to you, you need to let me know. I do not think that will happen, but sometimes it does happen with people in the elevator, and they are careless about who else is in the elevator, and they will say something. And if it concerns the case, you need to let me know and say, "Judge, I heard this in the elevator." Then I have some things I need to do that I will not go into now.

**Do not do any research on your own**. And in the days of smart phones and iPads and so much in the way of information that is available, just remember if you want to use your computer, you can go to Google or do whatever you want to do, but do not look up any of the relevant terms or people in this case. Do not look up any of the lawyers or the law firms or anything else. Do not perform any research about the case, because you need to confine your efforts and make your decision on what you hear in the courtroom.

And do not communicate with others about the case via electronic communication. Do not text or e-mail friends about the case or make any posts on blogs or social media sites such as Facebook or Twitter. You may not post, tweet or otherwise publicly comment on this case in any fashion. It is critical to our work here that you make your decision based solely on the evidence put forth in the courtroom and that you deliberate only with your fellow jurors, subject to no outside influence whether via traditional speaking or by electronic communication. In other words, you <u>must</u> avoid receiving information from outside of the courtroom, whether it is from the media, the internet or other sources.

We will begin the trial of this case this morning with opening statements of the lawyers. And then we will hear testimony and see other evidence. Once the presentation of evidence has concluded, which will be many weeks from now, you will hear my instructions and the closing arguments.

There will come times when I have to talk to the lawyers privately. I am going to excuse you while that happens. Or we will put on those headphones and turn on that dreaded white noise and let you be irritated while I talk with them. They know to minimize the number of instances when I have to do that.

Finally, for the remainder of the trial, we will impose the **Rule on Witnesses**: Any witness in the case other than a party must step outside the courtroom or the public's courtroom and may not re-enter until they are called to

testify.  The purpose of separating the witnesses is to ensure that as each testifies, they do so from their own recollection and without being influenced by the testimony of others.  For that reason, witnesses are not to discuss their testimony with any other witnesses either before or after they have testified.

**So, for the witnesses:**

1.     Please remain in the witness room until you are called to testify;

2.     Do not leave until you have been excused by the Court; and,

3.     Do not discuss this case or testimony with any other witness, any spectator or any party during the course of the trial.

Counsel, please ensure that when we start, no witnesses are in this courtroom or the public's courtroom.

Generally, our day will start each day promptly at 9:45 a.m., so you need to arrive no later than 9:30 a.m.  We will conclude each day around 5:30 p.m.  We will take a morning and afternoon break for roughly fifteen (15) minutes and break for lunch for an hour.  Although that will be our rough schedule, we will take a break at any another other time that you as members of the jury may need.  You just need to let us know if you need a break.  We want you focused on the evidence, not your bladder.

For lunch, you can either bring your lunch or go outside of the courthouse to

purchase lunch.  If you choose to bring your lunch, we will have a refrigerator available for you to use.  Finally, if anyone is traveling over 50 miles to get to the courthouse and is in need of overnight accommodations, please let us know and Ms. Garner will make the arrangements.

Does anyone have any questions about how we are going to proceed?