IN THE UNITED STATES DISTRICT COURT FOR THE
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA,

v.                                                  Criminal No. 1:23cr97 (DJN)

MOHAMMED AZHARUDDIN CHHIPA,
    Defendant.

## COURT'S JURY INSTRUCTIONS

## Table of Contents

| No. | I.        General Instructions | Page |
|-----|-------------------------------|------|
| 1 | Introduction to the Final Charge – Province of the Court and of the Jury | 1 |
| 2 | Judging the Evidence | 3 |
| 3 | Evidence Received in the Case—Stipulations, Judicial Notice, and Inferences Permitted | 4 |
| 4 | Direct and Circumstantial Evidence | 6 |
| 5 | Inferences from the Evidence | 7 |
| 6 | Jury's Recollection Controls | 8 |
| 7 | The Question is Not Evidence | 9 |
| 8 | Consider Only the Offence Charged | 10 |
| 9 | Presumption of Innocence—Burden of Proof | 11 |
| 10 | Number of Witnesses | 12 |
| 11 | Credibility of Witnesses—Generally | 13 |
| 12 | Opinion Evidence—The Expert Witness | 15 |
| 13 | Credibility of Witnesses—Inconsistent Statement | 16 |
| 14 | Credibility of Witnesses—Informant | 17 |
| 15A | Credibility of Witnesses—The Defendant as a Witness [if appropriate] | 18 |
| 15B | Effect of the Defendant's Decision Not to Testify [if appropriate] | 19 |
| 16 | Credibility of Witnesses—Law Enforcement | 20 |
| 17 | Charts and Summaries Not Admitted into Evidence | 21 |
| 18 | Charts and Summaries Admitted into Evidence | 22 |
| 19 | Tape Recordings and Typewritten Transcripts | 23 |
| 20 | Evidence Admitted for a Limited Purpose Only | 24 |
| 21 | Rule 404(b) Evidence | 25 |
| 22 | Objections and Rulings | 26 |

| 23 | Court's Comments to Counsel | 27 |
| 24 | Court's Questions to Witnesses | 28 |
| 25 | Court's Comments on Certain Evidence | 29 |
| 26 | The Indictment Is Not Evidence | 30 |
| 27 | Disjunctive Proof—Explained | 31 |
| 28 | "On or About"—Explained | 32 |

**II.    Offenses Instructions**

**Conspiracy to Provide Material Support to a Foreign Terrorist Organization**
**(Count 1)**

| 29 | The Nature of the Offense Charged | 33 |
| 30 | The Statute Defining the Offense Charged | 34 |
| 31 | Elements of the Offense Charged | 35 |
| 32 | Conspiracy—Existence of an Agreement | 36 |
| 33 | Conspiracy—Membership in an Agreement | 38 |
| 34 | Conspiracy—Acts and Declarations of Co-Conspirators | 39 |
| 35 | Success of Conspiracy Immaterial | 40 |

**Providing and Attempting to Provide Material Support to a Foreign Terrorist Organization**
**(Counts Two through Five)**

| 36 | The Nature of the Offense Charged | 41 |
| 37 | The Statute Defining the Offense Charged | 42 |
| 38 | Elements of the Offense Charged | 43 |
| 39 | Designated Foreign Terrorist Organization & Terrorist Activity & Terrorism | 44 |
| 40 | "Material Support or Resources"—Defined | 47 |
| 41 | "Knowingly"—Defined | 48 |
| 42 | Deliberate ignorance—Explained | 49 |
| 43 | Proof of Knowledge or Intent | 50 |
| 44 | Immediate Flight or Concealment | 51 |
| 45 | Aiding and Abetting—Explained | 52 |
| 46 | Entrapment—Explained | 54 |

**III.    Closing Instructions**

| 47 | Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court | 56 |

**INSTRUCTION NO. 1**

<u>Introduction to the Final Charge – Province of the Court and of the Jury</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

1

2

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

**INSTRUCTION NO. 2**

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

**INSTRUCTION NO. 3**

<u>Evidence Received in the Case—Stipulations, Judicial Notice, and Inferences Permitted</u>

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.

4

5

You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

**INSTRUCTION NO. 4**

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

**INSTRUCTION NO. 5**

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the

jury to draw from the evidence received in the case.

## INSTRUCTION NO. 6

<u>Jury's Recollection Controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

## INSTRUCTION NO. 7

### The Question Is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

## INSTRUCTION NO. 8

Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

**INSTRUCTION NO. 9**

<u>Presumption of Innocence—Burden of Proof</u>

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, began the trial with a "clean slate"—with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses.

**INSTRUCTION NO. 10**

Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your own common sense and personal experience. You should keep in mind that the burden of proof is always on the government, and Mr. Chhipa is not required to call any witnesses or offer any evidence since she is presumed to be innocent.

12

## INSTRUCTION NO. 11

### Credibility of Witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

13

You will then be in a position to decide whether the government has proven the charge[s] beyond

a reasonable doubt.

**INSTRUCTION NO. 12**

<u>Opinion Evidence—The Expert Witness</u>

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

15

**INSTRUCTION NO. 13**

<u>Credibility of Witnesses—Inconsistent Statement</u>

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

16

## INSTRUCTION NO. 14

### Credibility of Witnesses—Informant

The testimony of an informant, someone who provides evidence against someone else for money or to escape punishment for his/her own misdeeds or crimes or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

The confidential human sources may be considered to be informants in this case.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement that he/she has with the government, or his/her own interest in the outcome of this case, or by prejudice against the defendant.

17

## INSTRUCTION NO. 15A

Credibility of Witnesses—The Defendant as a Witness

You should judge the testimony of a defendant in the same manner as you judge the testimony of any other witness in this case.

## INSTRUCTION NO. 15B

### Effect of the Defendant's Decision Not to Testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

19

**INSTRUCTION NO. 16**

Credibility of Witnesses—Law Enforcement

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

## INSTRUCTION NO. 17

<u>Charts and Summaries Not Admitted into Evidence</u>

Charts or summaries have been prepared by the government and shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents which are in evidence in the case. Such charts or summaries are not evidence in this trial or proof of any fact. If you find that these charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard the charts or summaries.

In other words, such charts or summaries are used only as a matter of convenience for you and to the extent that you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you can disregard them entirely.

.

**INSTRUCTION NO. 18**

Charts and Summaries Admitted into Evidence

Other charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider these charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

22

**INSTRUCTION NO. 19**

<u>Tape Recordings and Typewritten Transcripts</u>

Tape recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves, however, are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

**INSTRUCTION NO. 20**

<u>Evidence Admitted for a Limited Purpose Only</u>

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

**INSTRUCTION NO. 21**

<u>Rule 404(b) Evidence</u>

Evidence that an act was done or that an offense was committed by the defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offenses charged in this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether the defendant actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that the defendant physically did the act charged in this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that the defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining (1) the state of mind, motive, knowledge, or intent with which the defendant actually did the act or acts charged in the particular count; or (2) that the defendant acted according to a plan; or (3) to prove the defendant's identity; or (4) to prove that the defendant did not commit the crime charged in the indictment by mistake or accident..

The defendant is not on trial for any acts or crimes not alleged in the indictment. Nor may a defendant be convicted of the crimes charged even if you were to find that he committed other crimes—even crimes similar to the one charged in this indictment.

25

**INSTRUCTION NO. 22**

<u>Objections and Rulings</u>

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or their client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

26

**INSTRUCTION NO. 23**

<u>Court's Comments to Counsel</u>

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

27

**INSTRUCTION NO. 24**

<u>Court's Questions to Witnesses</u>

During the course of a trial, I have occasionally asked questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

**INSTRUCTION NO. 25**

<u>Court's Comments on Certain Evidence</u>

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

**INSTRUCTION NO. 26**

The Indictment Is Not Evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

**INSTRUCTION NO. 27**

Disjunctive Proof—Explained

The Court instructs the jury that although the Indictment may charge the defendant with committing an offense in several ways, using conjunctive language (*i.e.*, "and"), it is sufficient if the government proves the offense in the disjunctive (*i.e.*, "or"), that is to say, the jury may convict on a unanimous finding of any of the alternative acts of a conjunctively charged offense.

Therefore, I instruct you that it is not necessary for the government to prove that the defendant did each of those things named in that particular count of the Indictment. It is sufficient if the government proves beyond a reasonable doubt that the defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed.

31

## INSTRUCTION NO. 28

### "On or About"—Explained

The indictment charges that the offenses alleged in the Indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

**INSTRUCTION NO. 29**

The Nature of the Offense Charged—Count One

(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

Count One of the Indictment charges that from at least in or about October 2019 and continuing through at least in or about October 2022, in the Eastern District of Virginia, the defendant, MOHAMMED AZHARUDDIN CHHIPA, conspired with Unindicted Co-Conspirator 1 ("UCC-1"), and with others known and unknown to the Grand Jury, to knowingly provide material support and resources to a designated foreign terrorist organization, that is, the Islamic State of Iraq and al-Sham ("ISIS").

33

**INSTRUCTION NO. 30**

<u>The Statute Defining the Offense Charged—Count One</u>

<u>(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)</u>

Section 2339B of Title 18 of the United States Code provides, in relevant part, that:

[w]hoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, [shall be guilty of a federal crime].

To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined [by law]) … , or that the organization has engaged or engages in terrorism (as defined [by law]) … .

34

**INSTRUCTION NO. 31**

Elements of the Offense Charged—Count One

(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

In order to prove the defendant guilty of conspiracy to provide material support to a foreign terrorist organization, as charged in Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

One:        That two or more persons entered into an agreement that had as its objective providing material support or resources to a foreign terrorist organization;

Two:        That the defendant knowingly and voluntarily became a part of that agreement; and

Three:      That the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism.

For purposes of the third element, you must unanimously agree which condition or conditions are met.

There is no requirement that the government prove that the defendant acted with specific intent to further the terrorist activities of the organization.

35

**INSTRUCTION NO. 32**

Conspiracy—Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action as alleged in Count One of the Indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the charge contained in Count One of the Indictment.

**INSTRUCTION NO. 33**

Conspiracy—Membership in an Agreement

Before the jury may find that the defendant, or any other person, became a member of the conspiracy charged in Count One of the Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to provide material support to a designated foreign terrorist organization, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

38

**INSTRUCTION NO. 34**

Conspiracy—Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged in Count One of the Indictment to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the Indictment against the defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

Acts done or statements made by an alleged co-conspirator before a defendant joined a conspiracy may also be considered by you in determining whether the government has sustained its burden of proof in Count One of the Indictment. Acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended, however, may only be considered by you regarding the person who performed that act or made that statement.

39

**INSTRUCTION NO. 35**

<u>Success of Conspiracy Immaterial</u>

The government is not required to prove that the parties to, or members of, the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

**INSTRUCTION NO. 36**

<u>The Nature of the Offense Charged—Counts Two through Five</u>

<u>(Providing and Attempting to Provide Material Support to a Foreign Terrorist Organization)</u>

Counts Two through Five of the Indictment charge the defendant, MOHAMMED AZHARUDDIN CHHIPA, with knowingly providing and attempting to provide material support and resources to a designated foreign terrorist organization, that is, the Islamic State of Iraq and al-Sham ("ISIS"), on the following dates:

<u>Count Two</u>:     On or about August 15, 2021, to on or about August 16, 2021

<u>Count Three</u>:  On or about October 28, 2021, to on or about November 3, 2021

<u>Count Four</u>:   On or about November 18, 2021, to on or about November 24, 2021

<u>Count Five</u>:   On or about January 13, 2022, to on or about January 26, 2022

41

**INSTRUCTION NO. 37**

The Statute Defining the Offense Charged—Counts Two through Five

(Providing and Attempting to Provide Material Support to a Foreign Terrorist Organization)

I have previously instructed you regarding the statute for Count One of the Indictment, which charges the defendant with conspiracy to provide material support and resources to a designated foreign terrorist organization.  The statute for Counts Two through Five of the Indictment, which charge the defendant with knowingly providing and attempting to provide material support and resources to a designated foreign terrorist organization, is the same.  For clarity, that statute, Section 2339B of Title 18 of the United States Code, provides, in relevant part, that:

[w]hoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, [shall be guilty of a federal crime].

To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined [by law]) … , or that the organization has engaged or engages in terrorism (as defined [by law]) … .

42

**INSTRUCTION NO. 38**

Elements of the Offense Charged—Counts Two through Five

(Providing and Attempting to Provide Material Support to a Foreign Terrorist Organization)

In order to prove the defendant guilty of providing and attempting to provide material support and resources to a foreign terrorist organization, as charged in Counts Two through Five of the Indictment, the government must prove the following elements beyond a reasonable doubt:

One:         That the defendant provided or attempted to provide material support or resources to a foreign terrorist organization;

Two:         That the defendant acted knowingly; and

Three:       That the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism.

For purposes of the first element, you must unanimously agree which condition is met—that is, whether the defendant provided or attempted to provide material support or resources to a foreign terrorist organization. It is not necessary for you to find both in order to return a guilty verdict on these counts. But to return a guilty verdict, you must be unanimous as to what you do find.

For purposes of the third element, you must unanimously agree which condition or conditions are met.

There is no requirement that the government prove that the defendant acted with specific intent to further the terrorist activities of the organization.

43

**INSTRUCTION NO. 39**

Designated Foreign Terrorist Organization & Terrorist Activity & Terrorism

The term "foreign terrorist organization" has a particular meaning under this statute.  In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law.  I instruct you that the Islamic State of Iraq and al-Sham, or "ISIS," has been so designated by the Secretary of State and was so designated by the Secretary throughout the period covered by the indictment.

The term "terrorist activity" includes any activity that is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and that involves:

(I) The seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained.

(II) An assassination.

(III) The use of any--

(a) biological agent, chemical agent, or nuclear weapon or device, or

(b) explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain),

with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

(IV) A threat, attempt, or conspiracy to do any of the foregoing.

44

The term "engages in terrorist activity" means, for the purposes of this offense:

(I) to commit or to incite to commit, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity;

(II) to prepare or plan a terrorist activity;

(III) to gather information on potential targets for terrorist activity;

(IV) to solicit funds or other things of value for–

    (a) a terrorist activity; or

    (b) a terrorist organization;

(V) to solicit any individual–

    (a) to engage in conduct otherwise described in this definition; or

    (b) for membership in a terrorist organization; or

(VI) to commit an act that the actor knows, or reasonably should know, affords material support, including a safe house, transportation, communications, funds, transfer of funds or other material financial benefit, false documentation or identification, weapons (including chemical, biological, or radiological weapons), explosives, or training–

    (a) for the commission of a terrorist activity;

    (b) to any individual who the actor knows, or reasonably should know, has committed or plans to commit a terrorist activity; or

    (c) to a terrorist organization.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

A conviction under the statute requires proof that the defendant conspired to provide material support to a designated foreign terrorist organization. The statute does not criminalize

membership in or association with a designated terrorist organization or the expression of any particular views or beliefs.  It is insufficient for a conviction to conspire to provide material support for a person who happens to be a member of a foreign terrorist organization because Section 2339B requires that a defendant must knowingly provide material support or resources to a foreign terrorist organization.  This is true even if the defendant knows the person is a member of the terrorist organization.  Providing material support to a person knowing that the person is a member of a foreign terrorist organization, standing alone, does not fall within the statute.

## INSTRUCTION NO. 40

### "Material Support or Resources"—Defined

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (one or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

## INSTRUCTION NO. 41

<u>"Knowingly"—Defined</u>

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

**INSTRUCTION NO. 42**

<u>Deliberate ignorance—Explained</u>

The government may prove that the defendant acted "knowingly" by proving, beyond a reasonable doubt, that this defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of an intent of the defendant to avoid knowledge or enlightenment would permit the jury to find knowledge. Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

You may not conclude that the defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

**INSTRUCTION NO. 43**

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## INSTRUCTION NO. 44

<u>Immediate Flight or Concealment</u>

Evidence that the defendant immediately fled or concealed himself after having been accused of committing a crime is a circumstance that, if proven, can be considered by the jury as showing a consciousness of guilt on the part of the defendant.

In your evaluation of this evidence of flight or concealment you may consider that there may be reasons—fully consistent with innocence—that could cause a person to flee or conceal himself. Fear of law enforcement or a reluctance to become involved in an investigation or simple mistake may cause a person who has committed no crime to immediately flee or conceal himself.

Whether or not evidence of immediate flight or concealment on the part of the defendant causes you as members of the jury to find a consciousness of guilt on his part and the significance, if any, of that consciousness of guilt is entirely up to you as the sole judges of the facts of this case.

**INSTRUCTION NO. 45**

Aiding and Abetting—Explained

Counts Two through Five, charging the defendant with providing and attempting to provide material support and resources to a designated foreign terrorist organization, also charge the defendant with "aiding and abetting" the offenses contained within those counts.

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before the defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

To sustain its burden of proof against a defendant for aiding and abetting the commission of a crime, the government must prove beyond a reasonable doubt:

One:   That the defendant knew that the crime charged was to be committed or was being committed;

Two:   That the defendant knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that crime; and

Three: That the defendant acted with the intention of causing the crime charged to be committed.

Before a defendant may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that some person or persons committed each of the essential elements of the offense charged as detailed for you in these instructions.

52

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that the defendant knowingly associated himself with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

**INSTRUCTION NO. 46**

<u>Entrapment—Explained</u>

The defendant has raised the defense of entrapment. A defendant may not be convicted of the crime charged if that person was entrapped by the government.

A person is entrapped when that person has no previous intent or disposition or willingness to commit the crime charged and is induced or persuaded by law enforcement officers to commit the offense.

Thus, the defense of entrapment has two elements: (1) whether the defendant was predisposed to commit the crime, and (2) whether the defendant was induced or persuaded by a law enforcement officer to commit the crime.

A person is not entrapped when that person has a previous disposition or willingness or intent to commit the crime charged and a law enforcement officer merely provides what appears to be a favorable opportunity to commit the offense.

Predisposition refers to the defendant's state of mind before government agents make any suggestion that he commit a crime. The government does not entrap a defendant, even if he does not specifically contemplate the criminal conduct prior to this suggestion, if the defendant's decision to commit the crime is the product of his own preference and not the product of government persuasion.

It is not entrapment for the government merely to solicit a person to commit a crime.

Inducement requires more than merely soliciting a person to commit a crime. Mild forms of persuasion do not amount to inducement. However, pleas based on need, sympathy, or friendship may constitute inducement. Inducement necessitates government overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party.

In determining the question of entrapment, you should consider all of the evidence received in this case concerning the intentions and disposition of the defendant before contact with law enforcement, as well as the nature and the degree of the inducement provided by the law enforcement officer.

The burden is on the government to prove beyond a reasonable doubt that the defendant had a previous disposition or willingness or intent to commit the crime charged prior to first being contacted by law enforcement officers. If the government satisfies that burden, there is no entrapment.

**INSTRUCTION NO. 47**

<u>Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court</u>

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.

What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A verdict form has been prepared for your convenience and reads as follows:

### [*Court reviews verdict form*]

You will take the verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form and then return with your verdict form to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

57